United States District Court
Southern District of Texas
**ENTERED**
February 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BIBBY OFFSHORE LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-33 |
| | § | |
| EMAS CHIYODA SUBSEA, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending is Defendant's Motion to Vacate. (D.E. 12). A hearing was held on February 2, 2017. The Motion is **DENIED** without prejudice. A scheduling order will be entered separately.

This case arises from a dispute over a maritime contract between Plaintiff Bibby Offshore Limited and Defendant Emas Chiyoda Subsea, Inc. (D.E. 1). Pursuant to the terms of the contract, the substance of that dispute has been referred to arbitration. Anticipating an arbitral award, Plaintiff initiated this ancillary action to arrest the M/V Lewek Express and M/V AMC Ambassador in order to have assets from which to collect its anticipated award. On or about January 25, 2017, the undersigned entered an Order of Attachment. (D.E. 5 and D.E. 6). On January 29, 2017, Defendant filed the pending Motion to Vacate, asserting it does not own either vessel and Plaintiff has not alleged a sufficient basis to demonstrate ownership. (D.E. 12).

While Plaintiff carries the burden of showing why the arrest should not be vacated, at this stage in the proceedings, Plaintiff's complaint has shown "reasonable grounds for issuing the arrest warrant." *White Rosebay Shipping S.A. v. HNA Grp. Co., Ltd.*, Case No. 12-cv-96, 2012 WL 6858239, at *9 (S.D. Tex. Dec. 5, 2012)(the arrest procedure "is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant")(citation omitted); *White Rosebay Shipping S.A. v. HNA Grp. Co., Ltd.*, Case No. 12-cv-96, 2013 WL 441014 (S.D. Tex. Feb. 5, 2013). The undersigned is not making a final decision on the ownership of the vessels at this time. However, similar to this Court's decision in *Olendorff*, the parties have submitted evidence regarding ownership and the undersigned finds it is appropriate to give the parties the opportunity to conduct discovery to determine the true ownership status of the vessels in question and to support this Court's jurisdiction to maintain this action. *Olendorff Carriers GMBH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, Case No. 12-cv-74, (S.D. Tex. Oct. 10, 2012)(Order for Discovery); *see also Olendorff Carriers GMBH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, Case No. 12-cv-74, 2013 WL 3937450, at *3 (S.D. Tex. July 30, 2013)(Court permitted limited jurisdictional discovery on the issue of ownership)(citation omitted).

ORDERED this 3rd day of February, 2017.

_____
Jason B. Libby
United States Magistrate Judge