UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| BIBBY OFFSHORE LIMITED | CIVIL ACTION NO. 17-33 |
| | ADMIRALTY |
| VERSUS | JUDGE RAMOS |
| EMAS CHIYODA SUBSEA, INC. | MAGISTRATE LIBBY |

**AMENDED VERIFIED COMPLAINT FOR ARREST AND ATTACHMENT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Bibby Offshore Limited and for its Amended Verified Complaint against EMAS Chiyoda Subsea, Inc. ("EMAS"), *in personam*, and the M/V LEWEK EXPRESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances, *in rem*, stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and seeking relief under the Federal Arbitration Act, 9 U.S.C. §1, *et seq*., and, alternatively, under diversity jurisdiction, who respectfully represents as follows upon information and belief:

## RIGHT TO AMEND

Pursuant to Fed R. Civ. P. 15(a)(1)(B), Bibby files this Amended Verified Complaint within 21 days after service of a responsive pleading by EMAS [R. Doc. 12] and Icon Ambassador, LLC [R. Doc. 27.]. To the extent Local Rule 7 is applicable, undersigned counsel has conferred with counsel for all parties; the parties do not oppose this filing.

## JURISDICTION AND VENUE

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court, pursuant to 28 U.S.C. §1333, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Alternatively, jurisdiction exists under Section 8 of the Federal Arbitration Act, 9 USC §1, *et seq*., and this Honorable Court has diversity jurisdiction over these claims as Bibby Offshore Limited is a foreign company duly formed and existing pursuant to the laws of the United Kingdom, with a principal place of business in Aberdeen, Scotland, and EMAS is a Delaware corporation with an office in Texas.

2.

Bibby invokes the maritime procedures specified in Rule 9(h) of the Federal Rules of Civil Procedure and Rules B, C and D of the Supplemental Rules for Admiralty or Maritime Claims, and files this Amended Verified Complaint in aid of arbitration pursuant to 9 U.S.C. §8, while reserving its right to arbitrate, with the Court retaining jurisdiction for the purpose of enforcing the award of the arbitrators.

3.

Venue is proper in this Court because the underlying facts giving rise to this dispute occurred within this District and property owned by EMAS is or soon will be within this District.

Further, EMAS is recognized as a foreign corporation by the Texas Secretary of State and as that term is used in Tex. Civ. Prac. & Rem. Code Ann. §61.002(1).[1]

## IDENTITY OF PARTIES

4.

At all material times, Bibby Offshore Limited was, and is now, a foreign company duly formed and existing pursuant to the laws of the United Kingdom and is engaged in business activity in this District.

5.

Defendant, EMAS was, and is now, a corporation duly formed and existing pursuant to the laws of the State of Delaware, which, upon information and belief, maintains an office in Texas located at Citycentre Five, 825 Town and Country Lane, Suite 1500, Houston, TX 77024. EMAS was, at all times, the owner, operator and/or charterer of the M/V LEWEK EXPRESS, and was entrusted with the management of the M/V LEWEK EXPRESS.

6.

The M/V LEWEK EXPRESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances, is a Vanuatu-flagged pipe-laying vessel, IMO No. 8116049.  The M/V LEWEK EXPRESS is now, and will during the pendency of this lawsuit, be upon the navigable waters of Texas, within this District and within the jurisdiction of this Honorable Court.  The M/V LEWEK EXPRESS is currently located at 2269 Avenue B, Ingleside, TX, 78362.

---

[1] Despite being a Delaware corporation with an office in Texas, EMAS is a 'foreign corporation" as that term is used in Tex. Civ. Prac. & Rem. Code Ann. §61.002 as "[a] foreign corporation is one that owes its existence to the laws of another state, government or country. *See* 10 Fletcher Cyc. Corp. §4730.  "A foreign corporation may, of course, be a nonresident, but the term "foreign corporation" as used in attachment statutes is not, it has been said, synonymous with a "nonresident" corporation." *See id*.

## FACTS

7.

Upon information and belief, EMAS entered into a contract with BHP Billiton ("BHP") whereby EMAS agreed to perform certain installation, tie-in and subsea work for BHP's various platforms, including to perform certain pipe-laying work in the BHP Angostura field offshore Trinidad. To perform this work, EMAS agreed to provide the M/V LEWEK EXPRESS and contemplated having the M/V LEWEK EXPRESS specifically perform all work necessary under the contract with BHP.

8.

In order to fulfill EMAS's contractual requirements with BHP, in June 2015, EMAS-AMC Inc. entered into an Offshore Installation Services Agreement ("OISA") with Bibby Subsea ROV, LLC, whereby Bibby Subsea ROV, LLC agreed to provide certain goods and services to EMAS, including the use of certain vessels owned and/or operated by Bibby Subsea ROV, LLC or a related or affiliated company.[2] [*See* Offshore Installation Services Agreement, attached as Exhibit 1.]

9.

As contemplated by the OISA, Bibby Offshore Limited was nominated by Bibby Subsea ROV, LLC to perform work on its behalf. EMAS subsequently issued a Work Order Number: AMCUS-SC-16-00091 to Bibby Offshore Limited. [*See* Work Order Number: AMCUS-SC-16-00091, attached as Exhibit 2.] Pursuant to the OISA and the subsequent work order issued by EMAS, Bibby Offshore Limited provided the M/V BIBBY SAPPHIRE "and all services,

---

[2] The OISA was entered into with EMS AMC, Inc., the predecessor-in-interest to EMAS Chiyoda, Inc. Effective, March 31, 2016, EMAS-AMC Inc. became EMAS Chiyoda Subsea, Inc. The Work Order at issue here was issued by EMAS Chiyoda Subsea, Inc.

personnel and equipment required in accordance with" a Scope of Work issued contemporaneously by EMAS. [*See id*.]

10.

The Scope of Work issued by EMAS stated that:

> [t]he purpose of this document is to outline the scope of work (SOW) for the diving support of the BHP Angostura Phase 3 Development. Diving support operations will include: engineering, metrology, jacket prep works including cleaning, J-Tube and Riser Clamp Installation, J-Tube and Riser Installation, Riser Guard Installation, Spool Installation, Flexible Jumper Tie-In and any ancillary equipment associated with these operations in Trinidad at the GEP and ARIPO Jackets.

[*See* Work Order Number: AMCUS-SC-16-00091, Exhibit D – Scope of Work, attached as part of Exhibit 2.]

11.

More specifically, Bibby Offshore Limited provided the M/V BIBBY SAPPHIRE, as well as diving personnel, to perform the necessary installation, tie-in and subsea work that was being performed by EMAS and the M/V LEWEK EXPRESS.

12.

To perform the necessary pipe-laying work in the BHP Angostura field offshore Trinidad, the M/V BIBBY SAPPHIRE and Bibby's diving personnel worked in conjunction with the M/V LEWEK EXPRESS such that she could perform her particular function. Without the M/V BIBBY SAPPHIRE and Bibby's diving personnel, the M/V LEWEK EXPRESS would not have been able to complete its scope of work.

13.

Bibby Offshore Limited performed all work as requested and required by EMAS and the M/V LEWEK EXPRESS, and issued invoices in the amount of $18,157,957.13. [*See* Summary of Invoices, attached as Exhibit 3.]

14.

To date, despite numerous, amicable demands, and upon notice of monies owed, EMAS and the M/V LEWEK EXPRESS have paid only $3,447,461.88 of the total invoiced amounts and, upon information and belief, it is anticipated that EMAS will fail to remit payment for the balance of the invoiced amounts for work and services provided by Bibby Offshore Limited.

15.

EMAS and the M/V LEWEK EXPRESS are justly indebted to Bibby Offshore Limited in the amount of $14,710,495.25.

16.

Bibby is entitled to a maritime lien against the M/V LEWEK EXPRESS, and is legally entitled to seize said vessel pursuant to its rights under the General Maritime Law and admiralty laws of the United States, and to have it sold to satisfy any judgment which might be rendered in this matter. The services provided by Bibby to the M/V LEWEK EXPRESS constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. §31342 and as defined in 46 U.S.C. §31301. *See also Trico Marine Operations, Inc. v. Falcon Drilling Co*, 1997 A.M.C. 267 (E.D. La. Mar. 1, 1996); *Total Safety US, Inc. v. Con-Dive, LLC*, C.A. No. 08-2782, 2009 WL 1794771 (S.D. Tex. June 23, 2009).

17.

EMAS, as the owner, operator, and/or charter, was authorized to, and did in fact, incur the necessaries provided by Bibby to the M/V LEWEK EXPRESS.

18.

Bibby Offshore Limited files this Amended Verified Complaint for the purposes of asserting its lien against the M/V LEWEK EXPRESS and adding an *in rem* claim against the M/V LEWEK EXPRESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances under Rule C of then Supplemental Rules for Admiralty or Maritime Claims, in addition to the claims previously advanced.

19.

Pursuant to Clause 45 of the OISA, any dispute arising out of or relating to the OISA or Work Order Number: AMCUS-SC-16-00091 is subject to arbitration in Houston, Texas and in accordance with the rules of the American Arbitration Association.  However, the parties have since agreed to arbitrate before the Houston Maritime Arbitrators Association ("HMAA") before a single arbitrator.

20.

On January 24, 2017, Bibby Offshore Limited and Bibby Subsea ROV, LLC initiated arbitration against EMAS before the HMAA and pursuant to the HMAA Rules by issuing a notice of arbitration to EMAS. [*See* Exhibit 4.]

21.

In addition, Bibby Offshore Limited files this Amended Verified Complaint for the purposes of obtaining security in aid of arbitration, including attorneys' fees and/or other fees

and/or costs associated with this claim, in connection with Bibby Offshore Limited's cognizable claim against EMAS for monies owed, as set forth above.

22.

Under §8 of the Federal Arbitration Act, 9 U.S.C. §1 *et seq*., Bibby Offshore Limited, as an aggrieved party, may commence an admiralty and maritime proceeding in aid of arbitration by libel and seizure of the vessel or other property belonging to EMAS according to the usual course of admiralty proceedings, and the Court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall enter its decree upon the award. Thus, in aid of arbitration, Bibby Offshore Limited is entitled to a writ of attachment against property owned by EMAS that is located within this District.

23.

As noted above, EMAS is justly indebted to Bibby Offshore Limited in the amount of $14,710,495.25. Bibby Offshore Limited seeks an attachment for the sole reasons of obtaining security in aid of arbitration and for the debts owed by EMAS; Bibby Offshore Limited does not seek an attachment for any other purpose, including for the purpose of injuring or harassing EMAS. Bibby Offshore Limited will lose the debt owed to it unless the writ of attachment is issued, and specific grounds for the writ exist under §61.002 of the Texas Civil Practice and Remedies Code, as EMAS is a foreign corporation as recognized by the Texas Secretary of State and as that term is used in the Texas Civil Practice and Remedies Code §61.002(1).

24.

Alternatively, Rule 64(a) of the Federal Rules of Civil Procedure provides that:

> [a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure

satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Rule 64(b) identifies the specific kinds of remedies available thereunder, including the writ of attachment. Thus, Bibby Offshore Limited is entitled to a writ of attachment against property owned by EMAS that is located within this District.

25.

EMAS has property within this District, namely two (2) vessels that it owns and/or that it holds itself out to the public, including on its website, as the owner: the M/V LEWEK EXPRESS, a Vanuatu-flagged pipe-laying vessel, IMO No. 8116049, and the M/V AMC AMBASSADOR, an American-flagged offshore supply vessel, IMO No. 9201645.

26.

Alternatively, these vessels are owned by parent and/or related corporations/entities of EMAS, including but not limited to shell/holding corporations/entities, and which corporations/entities, for purposes of ownership, are the alter ego of EMAS and *vice versa*. Specifically, Ezra Holdings Limited ("Ezra") is the parent holding company of EMAS and various other corporations/entities.

27.

Despite the fact that EMAS holds itself out to the public, including on its website, as the owner of the M/V LEWEK EXPRESS, the vessel's registered owner is Ocean Lion Shipping Ltd., which, upon information and belief, is a Hong Kong holding company owned entirely, or substantially, by Ezra. Ocean Lion Shipping Ltd. identifies its address as "Care of Emas-AMC Pte Ltd, 28-01, Tower Fifteen, 15, Hoe Chiang Road, Singapore 089316." Other vessels identified by EMAS on its website, including the M/V LEWEK CHAMPION, list this same address and "Care of Emas-AMC Pte Ltd" instructions, although that vessel is owned by another

holding company. In its 2015 Annual Report, Ezra outlines its group structure, which indicates that EMAS-AMC Pte Ltd. is a 100% wholly-owned subsidiary of Ezra. In that same report, Ezra also indicates that it owned a 100% interest in EMAS-AMC, Inc., the company that entered into the OISA. As such, Ezra is the alter ego of EMAS and so dominates and controls EMAS that the corporate veil of EMAS should be disregarded for purposes of ownership of the M/V LEWEK EXPRESS.

28.

Despite the fact that EMAS holds itself out to the public, including on its website, as the owner of the M/V AMC AMBASSADOR, the vessel's registered owner is Icon Ambassador LLC, which, upon information and belief, is a Delaware limited liability company that was created as the titled owner of the M/V AMC AMBASSADOR on behalf of a joint venture formed between Ezra and a company called Icon Investments, Inc. Upon information and belief, and as provided to the public by Icon Investments, Inc., Ezra owns a 40% interest in the joint venture that owns the M/V AMC AMBASSADOR. Icon Ambassador, LLC identifies its address as "Care of Gallatin Marine Management LLC, 324, Settlers Trace Boulevard, Lafayette LA 70508-6084, USA." In its 2015 Annual Report, Ezra outlines its group structure, which indicates that it owns at least a 20% interest in Gallatin Marine Management LLC. According to the Texas Secretary of State website, Gallatin Marine Management LLC identifies Stephen H. McGuire as a 'Manager." Stephen H. McGuire is also General Counsel for EMAS. As such, Ezra is not only an owner of the M/V AMC AMBASSADOR, but is also an owner and/or alter ego of Icon Ambassador LLC and so dominates and controls Icon Ambassador LLC that the corporate veil of EMAS should be disregarded for purposes of ownership of the M/V AMC AMBASSADOR.

29.

Accordingly, Bibby Offshore Limited is desirous of arresting the M/V LEWEK EXPRESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances, and attaching property owned by EMAS, including the M/V LEWEK EXPRESS and the M/V AMC AMBASSADOR, their engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances, which are currently located in Corpus Christi, Texas, in aid of arbitration pursuant to 9 U.S.C. §8, and in accordance with the Supplemental Rules for Admiralty or Maritime Claims and Texas Civil Practice and Remedies Code §§61.001, *et seq.*

30.

EMAS and the M/V LEWEK EXPRESS are justly indebted to Bibby Offshore Limited for the damages as aforesaid and as to be shown more particularly at trial.

31.

EMAS and the M/V LEWEK EXPRESS are jointly and severally liable to Bibby Offshore Limited for the damages as aforesaid and as to be shown more particularly at trial.

32.

Bibby Offshore Limited reserves its right to amend any article of this Amended Verified Complaint as facts become better known.

33.

Bibby Offshore Limited requests that the Court permit the M/V LEWEK EXPRESS and the M/V AMC AMBASSADOR to be moved freely within this District while certain property remains under arrest and/or attachment, to move from its present position, to travel to and from anchorage, as needed, to continue or initiate cargo loading and/or discharge operations, to engage

in repairs to the vessel and to carry out other normal business operations of the vessel, so long as the arrested and/or attached property does not leave the District.

34.

In accordance with applicable law, Bibby Offshore Limited agrees to hold harmless and identify the U.S. Marshal and all of its deputies for any and all liabilities as result of the attachment of the aforesaid property.

**WHEREFORE**, Plaintiff, Bibby Offshore Limited, prays:

1. Process and due form of law according to the practice of this Court and admiralty and maritime jurisdiction be issued against the Defendants, EMAS Chiyoda Subsea, Inc., and the M/V LEWEK EXPRESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances, citing them to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against them;

2. For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims against the M/V LEWEK EXPRESS, her engines, machinery, tackle, apparel, furniture, equipment, rigging and all other necessary appurtenances, and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and that the M/V LEWEK EXPRESS be seized, condemned and sold to satisfy all amounts owed to Bibby Offshore Limited as set forth herein;

3. That the accompanying Warrant of Seizure and Writ of Attachment be deemed good and proper, and that the Warrant of Seizure and Writ of Attachment be issued by this Court;

4. Alternatively, since defendant, EMAS Chiyoda Subsea, Inc., is a foreign corporation under Texas law, and pursuant to the Writ of Attachment, that the M/V LEWEK EXPRESS and the M/V AMC AMBASSADOR, their engines, tackle, furniture, apparel, appurtenances, etc., which are located within this District and which EMAS Chiyoda Subsea, Inc., owns and/or that it holds itself out to the public as the owner and/or which are owned by parent and/or related corporations/entities of EMAS, which for purposes of ownership, are the alter ego of EMAS and vice versa, be attached pursuant to this Court's Order.

5. That after due proceedings are had, that there be judgment in favor of Plaintiff, Bibby Offshore Limited, in the amount of $14,710,495.25, along with any other damages to which Bibby Offshore Limited, may be entitled.

6. That after due proceedings are had, Plaintiff, Bibby Offshore Limited, be awarded interest, costs, attorneys' fees and any other relief that this Court may deem just and proper in the premises.

       Respectfully submitted,

       JONES WALKER LLP

       */s/ R. Scott Jenkins*
       Michael A. Chernekoff (Texas Bar No. 24054009)
       1001 Fannin Street, Suite 2450
       Houston, Texas 77002
       Tel: 713-437-1800 / Fax: 713-437-1810
       Email: mchernekoff@joneswalker.com

       -and-

       R. Scott Jenkins (La. Bar #23144)
       Hansford P. Wogan (La. Bar #34825)
       201 St. Charles Ave – 48th floor
       New Orleans LA 70170-5100
       Tel: 504-582-8346 Fax: 504-589-8346
       Email: sjenkins@joneswalker.com
              fwogan@joneswalker.com

       **Attorneys for Bibby Offshore Limited**

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rule 7.1 and 7.2, I have conferred with counsel for EMAS Chiyoda Subsea, Inc., Icon Ambassador, LLC and Waskey Bridges, Inc.  The parties do not oppose this filing.

*/s/ R. Scott Jenkins*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2017, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.  I also certify that I have mailed this filing by United States Postal Service to any non-CM/ECF participants.

*/s/ R. Scott Jenkins*