IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BIBBY OFFSHORE LIMITED,** § | § | **CIVIL ACTION NO. 2:17-cv-00033** |
| *Plaintiff*, § | § | |
| vs. § | § | **JUDGE NELVA GONZALEZ RAMOS** |
| **EMAS CHIYODA SUBSEA, INC.,** § | § | |
| *Defendant.* § | § | **MAGISTRATE JUDGE JASON LIBBY** |

### VERIFIED COMPLAINT IN INTERVENTION OF SUBSEA 7 (US) LLC

NOW INTO COURT, through undersigned counsel, comes Plaintiff-in-Intervention, Subsea 7 (US) LLC, ("Subsea 7"),[1] who files this Verified Complaint in Intervention against Defendant, M/V LEWEK EXPRESS, her engines, tackle, appurtenances, freight, equipment, etc., (the "Vessel"), and alleges upon information and belief as follows.

### JURISDICTION & VENUE

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court, pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rule of Civil Procedure 9(h). Specifically, this is an action to recover *custodia legis* costs incurred for the preservation and maintenance of the M/V LEWEK EXPRESS, her engines, tackle, appurtenances, freight, equipment, etc.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b).

---

[1] Please note that Subsea 7 has previously filed a Motion for Leave to Intervene in this matter. See Rec. Doc. 107. On September 21, 2017, the Court granted Subsea 7's motion and awarded it the right to "seek all legal and equitable relief to which it is entitled in this proceeding." See Rec. Doc. 114.

## THE PARTIES

3. At all material times, Subsea 7 was and still is a corporation organized and existing under the laws of the State of Texas and doing business in Houston, Texas, within the jurisdiction of this Honorable Court.

4. Defendant, the M/V LEWEK EXPRESS, her engines, tackle, appurtenances, freight, equipment, etc., is a pipelay vessel registered in the Republic of Vanuatu, IMO No. 8116049, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court. At the time of filing, the Vessel is currently under arrest in Ingleside, Texas.

5. Plaintiff, Bibby Offshore Limited ("Bibby"), has appeared in this case and can be served by serving its counsel of record.

6. Intervenor Plaintiff, Gulfmark Americas, Inc. ("Gulfmark"), has appeared in this case and can be served by serving its counsel of record.

## PROCEDURAL & FACTUAL BACKGROUND

7. On January 24, 2017, Bibby Offshore Limited ("Bibby") filed a Verified Complaint for Attachment against EMAS Chiyoda Subsea, Inc. ("EMAS"), *in personam*, and the Vessel, *in rem*. Bibby sought to attach the Vessel to secure it as collateral for a future judgment it was pursuing in arbitration against EMAS.

8. However, the Vessel is owned by Ocean Lion Shipping, Ltd. ("Ocean Lion") and was chartered to EMAS.

9. On January 25, 2017, this Court issued an order authorizing the attachment of the Vessel in Ingleside, Texas.[2]

---

[2] The Court's Order of Attachment was granted pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims.

10. On February 17, 2017, Bibby filed an Amended Verified Complaint for Arrest and Attachment ("Amended Complaint") against EMAS, in *personam*, and the Vessel, in rem. Bibby's Amended Complaint alleged a maritime lien for necessaries.

11. Subsequently, Gulfmark also intervened in this proceeding to assert alleged maritime liens against the Vessel.[3]

12. On February 21, 2017, the Court issued an order authorizing the arrest of the Vessel under Rule C of the Supplemental Rules for Admiralty or Maritime Claims.

13. At all pertinent times hereto, the Vessel has remained under the custodianship of Global Maritime Security.

14. On June 27, 2017, the Court granted Bibby's unopposed motion to voluntarily dismiss its previous order of attachment.

15. Under these two Orders of attachment and arrest, the Vessel remained docked at a shoreside spoolbase located at 2269 Avenue B, Ingleside, Texas 78362 (hereinafter the "Facility").

16. The Facility was owned by EMAS Chiyoda Subsea, Inc. ("EMAS") until June 29, 2017, when it was purchased out of EMAS's bankruptcy estate by Subsea 7. At that point in time, the Vessel was already under arrest at the Facility and could not be moved without an Order from this Court.

17. However, during a telephonic hearing with the Court on August 8, 2017, the Court asked Ocean Lion and the Arresting Parties to come to an agreement on terms that would allow the Vessel to be moved to a new berth.

---

[3] Bibby and Gulfmark are hereinafter collectively known as the "Arresting Parties."

3

18. Unfortunately, Ocean Lion and the Arresting Parties defied the Court's instruction and the Vessel remained at its berth in the Facility for nearly two more months.  As a result, Subsea 7 was required to file a Motion for Contempt on October 4, 2017.

19. That same day, the Court ordered the "immediate" removal of the Vessel from the Facility.

20. The Vessel was finally towed out of the Facility on October 7, 2017.

21. The Vessel is 520 ft. long.[4]  The prevailing rate for dockage in Ingleside, Texas for a vessel this large is $10,000 per day.  This is apparent from an arms-length contract that EMAS negotiated with Kiewit Offshore Services, Ltd. ("Kiewit") in 2014 to dock one of its vessels at Kiewit's shoreside facility also in Ingleside, Texas.  In fact, Kiewit's facility is adjacent to the Facility in question.  Kiewit charged EMAS $10,000 per day.

22. As explained in greater detail below, Subsea 7 is legally and equitably entitled to recover dockage fees of $10,000 per day, from the date it took ownership of the Facility, on June 29, 2017, until the date that Ocean Lion finally towed the Vessel out of the Facility, October 7, 2017.  In total, the Vessel was moored at the Facility for 101 days, and Subsea 7 is entitled to recover wharfage in the amount of $1,010,000.  These fees are recoverable *cusotidia legis* expenses.  It bears noting again that the Vessel remained at the Facility for 61 days following the Court's initial Order to move it.

23. It should also be noted that Ocean Lion and the Arresting Parties have received the benefit of free dockage from January 25, 2017 to June 29, 2017.

---

[4] Please see Exhibit "A" for a photo of the Vessel.

**CUTODIA LEGIS CLAIM OF SUBSEA 7**

24. In *New York Dock Co. v. Poznan*, 274 U.S. 117 (1927), the Supreme Court held that a wharf owner was entitled to a priority claim for reasonable wharfage charges that accrued during *custodia legis*.

25. All payments and expenses incurred for the preservation of the vessel during seizure are allowed as *custodia legis* expenses.  Services or property advanced to preserve and maintain a vessel under arrest, which are furnished on the authority of the court or an officer of the court should be allowed as *custodia legis* expenses. *General Electric Credit & Leasing Co. v. Drill Ship Mission Exploration*, 668 F.2d 811,816 (5th Cir.1982). Even where some of the expenses, costs or expenditures are provided without a formal court order, they are to be considered *custodia legis* expenses if they directly benefit the vessel and all her creditors.  *Id*. at 815.

26. A defendant "has no right to park its vessel [ ] free of charge."  *Bollinger Quick Repair LLC v. Le Pelican MV*, 2000 WL 798497 *5 (E.D. La. 2000).

27. At the judicially ordered sale, the *custodia legis* expenses are deducted from the sale proceeds and paid before the remaining proceeds are divided among the other claimants. *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 353 (5th Cir.1997).  *Custodia legis* expenses receive priority payment for *in rem* admiralty claims.  *Id*.

28. Here, there is no denying that the wharfage Subsea 7 provided to the Vessel was necessary for the preservation and maintenance of the Vessel and that it is entitled to a priority claim for these *custodia legis* expenses.

29. As explained above, the prevailing rate for wharfage in Ingleside, Texas for a vessel this large is $10,000 per day.

30. Accordingly, Subsea 7 is entitled to recover wharfage equivalent to $10,000 per day from June 29, 2017 through October 7, 2017[5] (for a total of 101 days), prior to the other alleged liens and claims being paid.  In total, Subsea 7 is owed $1,010,000 ($10,000 x 101 = $1,010,000) for the *custodia legis* expenses it incurred for the preservation and maintenance of the Vessel.  These funds should be directly paid by Ocean Lion or deducted from any future sale of the Vessel.

WHEREFORE, Subsea 7 prays that an Order be entered awarding Subsea 7 a priority *custodia legis* claim of $1,010,000 for the wharfage it provided for the preservation and maintenance of the M/V LEWEK EXPRESS.

Respectfully submitted,

BLAND & PARTNERS, P.L.L.C.

 /s/ David S. Bland
DAVID S. BLAND
TX Bar No. 00789021
SDTX Bar No. 32550
BRIAN J. COMARDA
TX Bar No. 24055332
SDTX Bar No. 705516
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148
dbland@blandpartners.com
bcomarda@blandpartners.com

Attorneys for Plaintiff-in-Intervention, Subsea 7 US) LLC

---

[5] As explained above, Subsea 7 took ownership of the Facility on June 29, 2017 and the Vessel was finally towed out of the Facility on October 7, 2017.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the Court's CM/ECF filing system on this 11th day of December, 2017.

                                                        */s/ David S. Bland*
                                                        DAVID BLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BIBBY OFFSHORE LIMITED, | § | CIVIL ACTION NO. 2:17-cv-00033 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | JUDGE NELVA GONZALEZ RAMOS |
| | § | |
| EMAS CHIYODA SUBSEA, INC., | § | |
| | § | |
| *Defendant*. | § | MAGISTRATE JUDGE JASON LIBBY |

## VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

**BEFORE ME**, the undersigned notary, on this day personally came and appeared, Stephen McGuire, who, being duly sworn, pursuant to 28 U.S.C. § 1746, deposed and stated as follows:

1. I am of sound mind, over the age of 18 and competent to make this Verification.
2. I am currently employed as Legal Counsel for Subsea 7 (US) LLC, and have been employed in that role during all relevant time periods in question.
3. I have read the foregoing Verified Complaint and know the contents thereof. I believe the statements made therein are true and correct to the best of my information and belief based on my personal knowledge and the fact that I was directly and/or substantially involved in the matters addressed therein.
4. I declare under penalty of perjury that the foregoing is true and correct.

Further sayeth affiant naught.

_____
STEPHEN MCGUIRE

Sworn to and subscribed before me this 11th day of December, 2017.

Rose Marie Givens
12/11/2017

ROSE MARIE GIVENS
Notary Public, State of Texas
Comm. Expires 02-21-2021
Notary ID 126166824

HARRIS County