UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BIBBY OFFSHORE LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-33 |
| | § | |
| EMAS CHIYODA SUBSEA, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART**
**MEMORANDUM AND RECOMMENDATION**

This is an admiralty and maritime dispute regarding the alleged provision of necessaries to a vessel. The vessel was arrested, pending resolution of the damages claim and *custodia legis* expenses have been incurred. Pending before the Court are three issues for adjudication:

- Bibby Offshore Limited's (Bibby's) claim for damages, supported by a maritime lien for supplying necessaries to the M/V LEWEK EXPRESS (Vessel), involving:
  - Bibby's Expedited Opposed Joint[1] Motion for Interlocutory Sale of M/V LEWEK EXPRESS (D.E. 106), Ocean Lion Shipping Ltd's (Ocean's) response (D.E. 119), and Bibby's reply (D.E. 124); and
  - Bibby's Motion for Summary Judgment (D.E. 144), Ocean's response (D.E. 152), and Bibby's reply (D.E. 158);
- Ocean's claim for wrongful arrest of the Vessel, involving:
  - Ocean's Second Motion to Vacate, Motion for Summary Judgment, and Motion for Damages Due to Wrongful Arrest (D.E. 148), Bibby's response (D.E. 150), and Ocean's reply (D.E. 153); and

---

[1] Additional parties who have since settled their claims had joined the motion when it was filed. Bibby is the only remaining claimant.

- Subsea 7 (US) LLC's (Subsea's) request for *custodia legis* expenses, involving:
    - Ocean's Motion to Strike and/or Dismiss the Complaint in Intervention of Subsea 7 (US) LLC (D.E. 142) and Subsea's response (D.E. 143); and
    - Subsea 7 (US), LLC's Motion to Approve *Custodia Legis* Expenses (D.E. 145), Ocean's response (D.E. 151), and Subsea's reply (D.E. 154).

On May 1, 2018, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 159), recommending that:

- Bibby's request for damages, a maritime lien for necessaries, and motion for sale of the Vessel (D.E. 106, 144) be denied;
- Ocean's motion to vacate the arrest of the Vessel (D.E. 148) be granted, the maritime attachment of the Vessel be vacated, the attachment be lifted, and the Vessel be allowed to depart the jurisdiction of the Court; and
- Subsea's motion for *custodia legis* expenses (D.E. 145) be denied, and Ocean's motion to strike Subsea's complaint in intervention (D.E. 142) be granted and Subsea's complaint in intervention (D.E. 131) be dismissed.

On May 15, 2018, Bibby and Ocean timely filed their respective objections (D.E. 160, 161). Bibby expressed four objections and Ocean expressed one. Each is addressed below.

## DISCUSSION

### A. Bibby's Objections

In its first two objections, Bibby complains of the Magistrate Judge's holding that it did not provide necessaries to the Vessel. Bibby suggests that the work and services were, as a matter of law, provided to enable the Vessel to "perform her particular

function." Alternatively, Bibby contends that there is a disputed issue of material fact precluding summary judgment on the issue.

With respect to the legal conclusion, Bibby cites only *Sunrise Shipping, Ltd. v. M/V AMERICAN CHEMIST*, No. CIV.A. 96-2849, 1999 WL 718271, at *2 (E.D. La. Aug. 31, 1999). The *Sunrise Shipping* opinion recites that in maritime matters, "necessaries" is broadly construed. *Id*. (citing *Atlantic & Gulf Stevedores, Inc. v. M/V GRAND LOYALTY*, 608 F.2d 197, 200 (5th Cir. 1979) and *J. Ray McDermott & Co. v. The Offshore Menhaden Co.,* 262 F.2d 523, 525 (5th Cir. 1959)). It includes "repairs, supplies, towage, and the use of a dry dock or marine railway." *Id*. (quoting 46 U.S.C. § 31301(4)). The term also includes "most goods or services that are useful to the vessel to keep her out of danger and enable her to perform her particular function." *Id*.

BHP Billiton sought to develop an undersea oil and gas field known as the Angostura Field. EMAS agreed to perform installation, tie-in, and subsea work for BHP. EMAS chartered the Vessel, a reeled pipe-lay vessel designed to lower flexible oil and gas pipelines to the seafloor. EMAS then contracted with Bibby to provide a second vessel (M/V BIBBY SAPPHIRE) and personnel to perform diving and engineering work.

Bibby argues that it enabled EMAS's chartered Vessel (M/V LEWEK EXPRESS) to perform her particular function by handling a number of tasks involving the Vessel's pipe cargo. The Magistrate Judge disagreed because the evidence showed that both Bibby and the Vessel separately contracted to perform different, but synergistic, tasks related to the overall job of laying pipe on the seabed. The evidence showed that Bibby performed the tasks that Bibby agreed to perform on its own behalf. Nothing in the

evidence demonstrated that Bibby took over tasks that the Vessel had contracted to perform or that those tasks were necessary to keep the Vessel safe and functioning. The fact that Bibby's tasks involved some coordination with the Vessel and its tasks is not sufficient to constitute the provision of "necessaries" to the Vessel.

Bibby has taken issue with ways in which the M&R expresses this concept. The M&R refers to work "tangentially" related to the Vessel or work not involving crewmember presence onboard the Vessel. Alternatively, the M&R refers to the lack of evidence that Bibby's equipment had been placed onboard the Vessel. While the Court does not rely on this terminology, it agrees with the concept that the M&R expresses: that the evidence fails to show that Bibby substituted its work for that which the Vessel was supposed to do or, without which, the Vessel could not function as a vessel. Without that evidence, the record reflects only that Bibby did that which Bibby contracted to do, in coordination with the Vessel's provision of its particular functions. The fact that both were essential components of getting the job of pipe-laying done does not make each the provider of necessaries to the other.

Bibby also faults the M&R for discounting the testimony of its corporate representative, Andrew Duncan.[2] It is true that the Magistrate Judge did not accept a part of Duncan's testimony that characterized work done as "directly assist[ing] the operations of the Vessel taking place at the platform." D.E. 159, p. 15. The reason for this is that Duncan's testimony was based exclusively upon his review of daily project

---

[2] The M&R recites and relies in part upon Duncan's testimony regarding the coordination of work between Bibby and the Vessel, describing them as having different functions, often performed in different places or at different times so as not to overlap and conflict. D.E. 159, p. 13.

reports; he had never been on site where the work was done. *See* D.E. 144-4, p. 114. According to Ocean, the project reports did not support Duncan's characterization. Ocean cited to the reports that mention the Vessel and showed that they did not reflect Bibby doing the Vessel's work.

Bibby points to daily progress reports for July 14 and 15, 2016—and four types of entries in them—as demonstrating its provision of necessaries to the Vessel. The first two are:

- "Rigging down to pull riser to clamp." D.E. 146-9, p. 1.
- "ELI NOP J tube in clamp, installing bolts, ROV checking alignment of J tube." *Id*.

Both of these entries are followed by the notation, "Begin this day. Vessel standing by outside of ARIPO 500m zone as LEX[3] installs J-Tube." As Ocean interpreted this entry, the BIBBY SAPPHIRE was standing by 500 meters away from the ARIPO platform while the Vessel performed its work. D.E. 146-2, p. 25 n.140. Bibby has not explained this discrepancy. Instead, Bibby engages in the circular reasoning that Duncan explained the matter by referring to the progress reports and the progress reports are explained by Duncan.

Neither Duncan nor the progress reports, themselves, explain how entries that make no reference to the Vessel demonstrate that Bibby did work—above and beyond its own work—in support of the Vessel. And the work order that Bibby undertook appears to include the entries for which Bibby makes a claim against the Vessel:

---

[3] As Bibby indicates, "Lex" refers to the Vessel. D.E. 160, p. 10.

> Diving support operations will include: engineering, metrology, jacket prep working including cleaning, J-Tube and Riser Clamp Installation, J-Tube and Riser Installation, Riser Guard Installation, Spool Installation, Flexible Jumper Tie-In and any ancillary equipment associated with these operations in Trinidad at the GEP and ARIPO Jackets.

*See* M&R, D.E. 159, p. 4 (citing D.E. 148-3, p. 44).

The last two types of entries are:

- "Lex J-Tube Ops." D.E. 146-9, p. 2.
- "Lewek Express J-Tube operations." *Id*., pp. 3-4 (three entries).

Missing from Bibby's quotation of these entries is preceding language: "Waiting on client - ." Bibby has not explained how waiting on the Vessel to do its work constitutes Bibby doing the Vessel's work.

Thus Bibby's assertions that it has provided necessaries to the Vessel as recited in its progress reports are conclusory and not entitled to evidentiary weight. That is not, as Bibby argues, because the Magistrate Judge disregarded Duncan's testimony as corporate representative for lack of personal knowledge. D.E. 160, p. 11. Neither is it because the Magistrate Judge gave Ocean the benefit of the doubt as asserted in Bibby's objection. *Id*., p. 9. It is because Bibby failed to satisfy its burden of proof to demonstrate how those cryptic progress report entries amount to proof of the provision of necessaries to the Vessel and not Bibby's performance of its own work as anticipated by the work order.

Bibby's objections do not include any authority for a legal interpretation that work performed in tandem to complete a single job constitutes the provision of necessaries from one contracted entity to another. The burden of proof was on Bibby to demonstrate

that it was entitled to recover on its claims. Thus the Court agrees with the Magistrate Judge's legal conclusion that Bibby did not provide the Vessel with "necessaries." The Court further agrees with the Magistrate Judge's rejection of any argument that the record includes a disputed issue of material fact. The first two objections are **OVERRULED**.

Bibby's third and fourth objections relate to the finding that Bibby did not rely on the credit of the Vessel when providing necessaries to the Vessel. In particular, Bibby complains that the Magistrate Judge erred by failing to give evidentiary weight to Andrew Duncan's affidavit, which directly contradicted his own deposition testimony. As a corollary, Bibby objects to the conclusion—based on the evidence the Magistrate Judge credited—that Bibby clearly did not rely on the credit of the Vessel when providing work and services.

To establish its claimed maritime lien, Bibby must first demonstrate that it was "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner." 46 U.S.C. § 31342; *see also, Equilease Corp. v. M/V SAMPSON*, 793 F.2d 598, 603 (5th Cir. 1986). As demonstrated above, the Court finds that Bibby did not satisfy that burden. Consequently, the Court need not, and does not, reach the issue of whether Bibby relied solely on the credit of EMAS—and not on the credit of the Vessel—when doing any work. Bibby's third and fourth objections are **OVERRULED AS MOOT.**

### B. Ocean's Objection

The M&R recommends that the Vessel's arrest be vacated. While Ocean sought that result, it objects to the Magistrate Judge's recommended denial of expenses, costs,

and attorney's fees due to the Vessel's wrongful arrest. The M&R rejects both of Ocean's arguments for finding Bibby acted in bad faith: (1) that Bibby had no good faith claim to a maritime lien from the beginning, and (2) Bibby sought and obtained a delay for the purpose of conducting discovery and then failed to conduct any discovery. The M&R concludes that, while there is some evidence of bad faith, it is insufficient to justify an award of damages, particularly given Bibby's claim to reliance on advice of counsel. D.E. 159, p. 21. Ocean complains of both the assessment that the evidence of bad faith is insufficient and that Bibby established a defense based on advice of counsel.

Wrongful seizure or arrest requires proof of bad faith, malice, or gross negligence. *Marastro Compania Naviera, S.A. v. Canadian Mar. Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992). The burden of proof is on the party claiming wrongful arrest, Ocean here. *Comar Marine, Corp. v. Raider Marine Logistics, L.L.C.*, 792 F.3d 564, 575 (5th Cir. 2015). Bad faith in pursuing litigation and its remedies is a question of fact for the district court, subject to "clear error" review. *Id*.

After reviewing the record, the Court agrees with the M&R that there is some evidence of bad faith but that it is insufficient to support an award of damages. Ocean has not demonstrated that Bibby's claim to a maritime lien and its request for discovery were presented for an improper purpose. With respect to whether its work or services constituted necessaries, the Court acknowledges that the term is construed broadly. Thus Bibby's attempt to stretch the concept—with no party citing definitive authority that its claim was outside the definition—can be characterized as "a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

With respect to Bibby's failure to conduct discovery, Ocean has only shown that Bibby did not seek discovery from the other parties. It has not demonstrated that Bibby had no good use for the additional time, including the gathering or analysis of its own business records and legal position. Without demonstrating that Bibby sought delay for the sake of delay only, Ocean has not met its burden of proof to show that the delay was sought in bad faith. Ocean itself further filed a joint motion to continue the dispositive motion deadline, indicating that haste was not of the essence. D.E. 140.

The Court **FINDS** that, all things considered, the evidence of bad faith is insufficient to warrant the award of damages for wrongful arrest of the vessel. Therefore, the Court need not, and does not, reach the issue of whether Bibby demonstrated that "[T]he advice of competent counsel, honestly sought and acted upon in good faith is alone a complete defense" to a claim of damages for wrongful arrest. *Comar Marine*, 792 F.3d at 575. The Court **OVERRULES** Ocean's objection to the recommended finding that there is insufficient evidence of bad faith. The Court **OVERRULES AS MOOT** Ocean's objection regarding the defense of reliance upon legal advice.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Bibby's and Ocean's respective objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were

specifically directed, the Court **OVERRULES** each of the objections and **ADOPTS** as its own the following findings and conclusions of the Magistrate Judge:

- Bibby's request for a maritime lien fails because the work and services provided were not shown to be provided to the Vessel for "necessaries;"
- Ocean's request for damages for wrongful arrest fails because it failed to demonstrate sufficient evidence of bad faith; and
- Subsea's motion for *custodia legis* expenses is not well-taken.

The Court does not adopt and **REJECTS AS MOOT** the Magistrate Judge's analysis of the following:

- The analysis regarding whether Bibby relied exclusively on sources of credit other than the Vessel; and
- The analysis regarding whether Bibby relied on appropriate advice of legal counsel in defense to Ocean's bad faith allegations.

For the reasons set out above, the Court **ORDERS** as follows:

- Bibby's motion for interlocutory sale of M/V LEWEK EXPRESS (D.E. 106) is **DENIED**;
- Bibby's motion for summary judgment (D.E. 144) is **DENIED**;
- Ocean's second motion to vacate, motion for summary judgment, and motion for damages due to wrongful arrest (D.E. 148) is **GRANTED IN PART** and **DENIED IN PART** as follows:
    - The motion to vacate is **GRANTED**;
        - The arrest of the Vessel is **VACATED**;
        - The maritime attachment of the Vessel is **VACATED**;
        - The attachment is **LIFTED**, and the Vessel is allowed to depart the jurisdiction of the Court;
    - The motion for summary judgment against Bibby's claim for a maritime lien is **GRANTED**; and
    - The motion for damages for wrongful arrest is **DENIED**;
- Subsea's motion for *custodia legis* expenses (D.E. 145) is **DENIED**; and

- Ocean's motion to strike Subsea's complaint in intervention (D.E. 142) is **GRANTED** and Subsea's complaint in intervention (D.E. 131) is **DISMISSED**.

This action is **DISMISSED WITH PREJUDICE**.

ORDERED this 4th day of June, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE